Chief Justice Robertson
delivered the opinion of the court.
Ewing, as administrator of Robert K. Moore, sued Sneed in detinue, for several slaves, declaring on his own possession as fiduciary. It appears from the pleadings, that Robert K. Moore had made a will in Indiana, whereby he devised one of the slaves to Sneed, that one, being the mother of the others, all of whom have been born since the death of the testator; that the will was proved and admitted to, record in the proper court of Indiana, and regularly recorded in the clerk’s office of this court, in pursuance of the act of 1820. That after the registration here, the county court of Jefferson, where the slaves were in the possession of Sneed, appointed Ewing, ad* "ministrator of the goods and chattels of Robert K. Moore.
The only question which it is necessary now to decide, is, whether the appointment of Ewing, as the administrator, was valid, until reversed or set aside, or was void? This question nécessarily arises from the pleadings, and must be decisive of the whole case.
It was certainly improper to appoint an administraior merely. If the county court of Jefferson had authorityto appoint an administrator, he should have been appointed with the will annexed; Toller, 69; II JBla. Com. 504. But the appointment of an adminMrator by that court, was not merely voidable, it was *460 void.- The will cannot be attacked incidently. The acf:of 1820, gave it all the effect, when it was record-in the clerk’s office of this court, which its probate, in the county court of Jefferson, would have given to The county court of Jefferson, had, therefore, no power to appoint Ewing, as it attempted to do, an administrator; Toller, 120, Com. Dig. Ad’r. B. I, VJII Crancli, 9.
, Crittenden,.Nicholas and" Benny, for plaintiff; Mills- and Brown, for defendant.
^ *s no^ ma*-eiaal decide in this case, whether the slave, passed1 by the law of Kentucky immediately to the devisee, or by the law of Indiana, to the- executor in the first instance.
Wherefore, the judgment and verdict againstEwing. were proper.
Judgment affirmed'.